No. 35,573

SCHOOL DISTRICT No. 40, in FORD COUNTY, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLARK, *Appellant*.

No. 35,574

PROTECTION HIGH SCHOOL, CONSOLIDATED DISTRICT No. 1, in CO-MANCHE COUNTY, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLARK, *Appellant*.

(132 P. 2d 401)

Opinion on rehearing filed December 26, 1942. (For original opinion see 155 Kan. 636, 127 P. 2d 418.)

*J. V. Severe,* county attorney, argued the cause for the appellant.

*Howard T. Fleeson,* of Wichita, argued the cause, and *C. H. Brooks, Carl G. Tebbe, Wayne Coulson* and *Paul R. Kitch,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: A motion for a rehearing in behalf of the defendant directed our attention to an erroneous assumption of fact in respect to the amount of money available to pay the plaintiffs' claims for tuition. On page 639 of our original opinion (155 Kan. 636, 127 P. 2d 418) we said that in addition to the $1,000 raised by tax levy to pay tuition charges there was "an earlier balance of the same character, aggregating $1,967.40, [which had] been transferred to the general fund of the county." This statement was incorrect. There was no balance of a specific earlier levy for high-school tui-

tion. The sum of $1,967.40 was the aggregate of all unexpended balances of the budgeted items, including the $1,000, which constituted the general fund. In other words, the levy raised on the county clerk's estimate that $1,000 would be needed to pay tuition charges was merely one of some twenty-five or thirty estimates for the various items which are included in what is designated the county's "general fund."

On behalf of appellees it is argued that since the tuition estimate and levy are only one item of the many items included in the general fund, the entire balance of $1,967.40 is available to pay the plaintiffs' tuition charges which aggregate $1,328.20. We think this contention cannot be sustained without overruling the case of *Shouse v. Cherokee County Comm'rs*, 151 Kan. 458, 99 P. 2d 779, and this a majority of this court are disinclined to do. (We note, of course, that the statute has been amended and clarified since the Shouse case was decided. Laws 1941, ch. 377.)

This court now holds that plaintiffs' demands are payable, pro rata, out of the $1,000 raised by levy and estimate for that purpose.

The other matters urged in the motion for a rehearing do not shake our conviction of the soundness of our first decision. It follows that the trial court's judgment must be modified in accordance with the views herein expressed, and the cause will be remanded to the district court for that purpose.

Remanded for modification.

HARVEY, J., not sitting.